**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JUAN MIGUEL HOLLIS, | : | |
| Inmate No. 1000590704, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-4044-TWT-JSA |
| MS. CYNTHIA NELSON, | : | |
| Regional Director, Georgia | : | |
| Department of Corrections, | : | |
|     Defendant. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On February 23, 2016, this Court allowed Plaintiff's First and Fourteenth Amendment religious free exercise claims and Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") to proceed against Defendant Cynthia Nelson, Regional Director of the Georgia Department of Corrections ("GCD"). (Doc. 4). The matter is before the Court on Defendant Nelson's motion to dismiss with accompanying brief and affidavit. (Doc. 8). For the following reasons, the undersigned **RECOMMENDS** that Defendant Nelson's motion to dismiss [Doc. 8] be **GRANTED**.

Plaintiff, a Muslim inmate incarcerated at the Wilcox State Prison at the time he filed the complaint, complained that GDC's policy that inmates not be allowed to trim or style their facial hair in a particular way violates his right to practice his religion because based on Plaintiff's genetics, he cannot grow a full beard but is only able to grow hair on his mustache, his bottom lip, and a portion of his chin. Pursuant to that GDC policy, however, Defendant Nelson and other superior officers at the Wilcox State Prison forced Plaintiff to shave his facial hair in violation of his rights, knowing that genetically he can only grow a limited amount of facial hair and that he was not engaged in trimming or styling his facial hair in a particular way as prohibited by GDC policy. Plaintiff seeks equitable relief, *vis-a-vis* ensuring that he be allowed to grow the facial hair that he genetically can grow.

The Court allowed Plaintiff's First Amendment and RLUIPA claims to proceed. Defendant Nelson has filed a motion to dismiss the complaint, and claims that the Court does not have proper venue nor subject matter jurisdiction. (Doc. 8). Plaintiff has not responded to the motion to dismiss. The Court agrees with Defendant Nelson.

Pursuant to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides," or a "district where a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)(2). And for venue purposes, a natural person is deemed to reside in the judicial district where that person is domiciled. 28 U.S.C. § 1391(c)(1). "Once a defendant challenges venue through a Rule 12(b)(3) motion, the burden is on the plaintiff to show that venue in the forum is proper." *Scott v. Bently*, No. 1:14-CV-1039-RWS, 2015 WL 92229, at *3 (N.D. Ga. Jan. 6, 2015) (Story, J.) (citations and internal quotation marks omitted).

When Plaintiff filed the complaint, he was incarcerated in Wilcox State Prison, which is located in the United States District Court for the Middle District of Georgia, and that is where the events about which he complained occurred. Moreover, at that time Defendant Nelson was the Southwest Regional Director of

3

the GDC,[1] and there is no indication that she resides in this district.[2]  Thus, Plaintiff has failed to satisfy his burden that proper venue lies in this Court.

Moreover, since filing the complaint, Plaintiff has been transferred to Telfair State Prison for disciplinary reasons.  (*See* Doc. 8, Attach. 1, Nelson Aff., at ¶ 6). Telfair State Prison is located in the Southeast Region under the control of the Southeast Regional Director of the GDC, and Defendant Nelson has no authority over inmates located therein nor to enforce grooming policies there.  (*Id.* at ¶ 7). Plaintiff only seeks injunctive relief – *i.e.,* to order Defendant Nelson to "honor" Plaintiff's genetic disposition and allow him to "grow the little facial hair that [his] body produces" – and has been transferred to a different facility where Defendant Nelson no longer maintains authority.  "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive . . . relief."  *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277, 286 (2011).  *See*

---

[1] As of July 1, 2016, Scott Crickmar became the new Regional Director for the Southwest Region.  *See* http://www.dcor.state.ga.us/NewsRoom /PressReleases/scott-crickmar-new- sw-regional-director.

[2] A map that provides the GOP regions can be found at http://www.dcor.state.ga.us/Divisions/Facilities/Corrections.  No GDC prisons in the Southwest region are located in any of this Court's divisions.

*also Dunn v. Warden Ware State Prison*, __ F. App'x __, 2016 WL 737746, at *2 n.2 (11th Cir. Feb. 25, 2016) (citing *Smith* and noting that because the prisoner was released from both prisons where the events about which he complained occurred, his claims for injunctive relief were moot). Because Plaintiff's claim for relief is moot, it no longer presents a case or controversy and this Court has no subject matter jurisdiction. *See Pressley v. Madison*, No. 2:08-CV-157-RWS, 2010 WL 5313762, at *2 (N.D. Ga. Dec. 17, 2010) (Story, J.) (dismissing as moot the plaintiff's request that the Barrow County Jail be ordered to allow Muslim female inmates to keep their hair covered, since she was released therefrom); *Hunter v. Corrections Corp. of America*, No. CV 314-05, 2016 WL 4203541, at *3 (S.D. Ga. Aug. 9, 2016) (dismissing the plaintiff's claim for injunctive relief in connection with religious claims because he was transferred and therefore the claims were moot); *Rowan v. Taylor*, No. 4:14CV572-WS/CAS, 2016 WL 3748725, at *3 (N.D. Fla. June 6, 2016) (dismissing as moot the plaintiff's religious free exercise claim since all he sought was injunctive and declaratory relief and he was transferred after filing the complaint). *See also Adler v. Duval Cnty. School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of certain "Cases" and

"Controversies." U.S. Const. art. II, § 2. The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy.")

**IT IS THEREFORE RECOMMENDED** that Defendant Nelson's motion to dismiss the complaint for improper venue and lack of subject matter jurisdiction [Doc. 8] be **GRANTED**, and that the complaint be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 23rd day of August, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE